**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| J. JEANNETTE LOVERN, Ph.D._____Plaintiff,_v._CYNTHIA JACKSON, AL HASSAN I. MUSAH, and THE UNIVERSITY OF THE VIRGIN ISLANDS,_____Defendants. | 1:08-cv-82 |

TO: Andrew C. Simpson, Esq.
Eszart A. Wynter, Sr., Esq.
Marie E. Thomas-Griffith, Esq.

**ORDER**

THIS MATTER came before the Court upon Defendants' oral Motion For Protective Order. Plaintiff filed a response to said oral motion, as well as an additional response to Defendants' written brief, and Defendants filed a reply to Plaintiff's response to their written brief.

Defendants seek to protect the content and substance of the discussions among the Board of Trustees when Plaintiff's tenure application was presented based upon the deliberative process privilege and attorney-client privilege.

**DISCUSSION**

Despite Defendants' claim that the meeting of the Board of Trustees complied with the "Sunshine in Government Act," codified at V.I. Code Ann. tit. 1 §§ 251 *et seq.*, such compliance does not affect whether the discussions of the board are subject to discovery in the above-captioned matter. Accord *Scott v. Board of Educ. of City of East Orange*, 219 F.R.D. 338 (D.N.J. 2004).

The scope of discovery under the rules is broad. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any matter, not privileges, that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Defendants seek to narrow this scope by asserting privileges.

> Privileges are designed to exclude evidence and, thus, must be narrowly construed. *See U.S. v. Nixon*, 418 U.S. 683, 709-10, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). A party asserting the protection of a privilege has the burden to establish its applicability. *See Torres v. Kuzniasz*, 936 F. Supp. 1201, 1208-09 (D.N.J.1996) (citing *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J. 1990)).

*Scott,* 219 F.R.D. at 333.

The deliberative process privilege "permits the government to withhold documents containing 'confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'" *Redland Soccer Club, Inc. v. Department of Army of United States*, 55 F.3d 827, 853 (3d Cir. 1995) (citations omitted). The *Redland* court continues,

> The privilege, once determined to be applicable, is not absolute. *First Eastern Corp.*, 21 F.3d at 468 n. 5; *Farley*, 11 F.3d at 1389. After the government makes a sufficient showing of entitlement to the privilege, the district court should balance the competing interests of the parties. The party seeking discovery bears the burden of showing that its need for the documents outweighs the government's interest. . . . The United States Court of Appeals for the District of Columbia, recently determined that a district court, in balancing the interests, should consider at least the following factors: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; [and] (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *First Eastern Corp.*, 21 F.3d at 468 n. 5.

*Redland Soccer Club, Inc.*, 55 F.3d at 854.

In this matter, the Court finds, as the United States District Court for the District of New Jersey found in *Scott v. Board of Educ. Of City of East Orange*, that the privilege does not attach in the situation presented in the matter at bar. The facts of *Scott* are analogous to the facts presented here. In *Scott*, Plaintiff filed a 1983 claim against the Board of Education after being terminated from the board. Plaintiff Scott sought the other board members' pre-decisional deliberations that led to his termination.

In its decision, the *Scott* court stated:

In the instant matter, Plaintiff may question members of the Board regarding their pre-decisional deliberations that led to his termination of employment. Plaintiff has alleged that he was terminated, in violation of section 1983, because he failed to participate in an illegal bidding scheme and because he attempted to unearth such scheme. In other words, Plaintiff is attacking the

> integrity of the Board's decision to terminate him and is seeking to disclose the Board's misconduct. Thus, inquiry into the Board's pre-decisional mental impressions and discussions is necessary to challenge the purported reason for Plaintiff's termination. Otherwise, the Board would be able to insulate itself from accountability from potential civil rights violations. So important is the prevention of such a result, that the Privilege is not available to the Board in this instance.
>
> In fact, the Privilege cannot be invoked by the Board in this matter because the Privilege shields deliberations that contribute to the formulation of important public policy not routine operating decisions like the termination of a HVAC Supervisor. Routine operating decisions cannot be transformed into policy formulation at the higher levels of government simply because they are made at public institutions.

*Scott*, 219 F.R.D. 337-38. Similarly, in the matter at bar, Plaintiff has filed a Title VII discrimination claim. The discussions surrounding the denial of her tenure application are relevant to the question of whether such denial was discriminatory. In addition, Defendants' decision to deny Plaintiff tenure was not the important public policy that the privilege was created to protect. Consequently, the Court finds that the deliberations are discoverable.

Defendants also, in their brief, assert that the discussions are protected by the attorney-client privilege. As its title suggests, the attorney-client privilege protects documents, communications, and information made between an attorney and his client, confidential in nature, and made for the purpose of giving or receiving legal advice. *See*,

*e.g., Women's InterArt Center, Inc. v. New York City Economic Dev.*, 223 F.R.D. 156, 159 (S.D.N.Y. 2004). The Third Circuit Court of Appeals has stated, "The *sine qua non* of any claim of privilege is that the information sought to be shielded is legal advice." *United States v. Rockwell Int'l*, 897 F.2d 1255, 1264 (3d Cir. 1990). Nothing in the minutes of the meeting at issue indicates how the Board of Trustees' discussions surrounding Plaintiff's application for tenure constitute legal advice or is in anyway communication between Defendants and counsel for the purpose of giving or receiving legal advice. Consequently, the Court find that this privilege is not available to Defendants to bar disclosure of the discussions at issue.

Accordingly, it is now hereby **ORDERED**:

1. Defendants' Motion For a Protective Order (Docket No. 138) is **DENIED**.

2. Plaintiff may re-depose Defendant Al Hassan I. Mussah at a date and time that is convenient for all parties. Such deposition shall be limited in scope to questions regarding the discussions held in meetings of a subcommittee of the UVI Board of Trustees as well as the meeting of the full board.

3. Plaintiff may propound other discovery and depose other witnesses with regard to the discussions/deliberations at issue.

   4.  The parties shall execute a confidentiality agreement protecting the further disclosure of the content of the discussions at issue.

              ENTER:


Dated: December 15, 2009        /s/ George W. Cannon, Jr.
                      GEORGE W. CANNON, JR.
                      U.S. MAGISTRATE JUDGE