# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| J. JEANNETTE LOVERN, Ph.D.<br><br>                        Plaintiff,<br>   v.<br><br>CYNTHIA JACKSON, AL HASSAN I. MUSAH, and THE UNIVERSITY OF THE VIRGIN ISLANDS,<br><br>                        Defendants. | 1:08-cv-82 |

TO:   Andrew C. Simpson, Esq.
        Eszart A. Wynter, Sr., Esq.
        Marie E. Thomas-Griffith, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendants Al Hasan [sic] I. Musah and the University of the Virgin Islands to Supplement Discovery Responses (Docket No. 48). Said Defendants filed an opposition to said motion, and Plaintiff filed a reply thereto.

The Court notes that the docket sheet contains, at Number 61, a notice of service of supplemental production, filed by Defendants Musah and University of the Virgin Islands on January 4, 2010. Because the Court has no information regarding the content of such

supplemental production or how or if any of the said supplemental production addresses Plaintiff's motion, the Court issues the following order.

**Request For Production Nos. 1-3:**   Said Defendants acknowledge that these documents are subject to production and have withdrawn their objections.

**Request For Production No. 7:**   Said Defendants claim that these documents are protected from production pursuant to 5 U.S.C. § 552a(b). However, the provisions of 5 U.S.C. §§ 551 et seq. apply only to agencies of the United States. Neither Defendant Musah nor Defendant University of the Virgin Islands qualifies as a federal agency. Even if said Defendants could somehow bring themselves within the purview of Section 555a(b), subparagraph 11 of that section expressly exempts documents ordered to be produced by a court of competent jurisdiction. In addition, the Court finds that the University's policy regarding public access to documents also does not control. Said Defendants' objection is overruled.

**Request For Production No. 14:** Said Defendants shall supplement their response. If no other responsive documents exist, said Defendants shall supplement by stating such fact.

**Request For Production Nos. 15 and 17:** Said Defendants' objections are overruled for similar reasons as stated in relation to Request For Production No. 7.

**Request For Production No. 16:** Said Defendants' objections are overruled. Said Defendants shall produce any and all documents relating to the vote of "no confidence," including any documents relating to Defendant University of the Virgin Islands' response to that action.

**Request For Production No. 19:** Said Defendants shall supplement their response to include any EEOC complaints filed with regard to Defendant Jackson during the time said Defendant was Division Chair to the present. If no other responsive documents exist, said Defendants shall supplement by stating such fact.

**Request For Production No. 21:** Said Defendants objections are overruled. Said Defendant shall produce any and all documents, records, and items of physical evidence relating to any complaints made by any UVI employee with regard to employment discrimination, retaliation and/or hostile work environment where the complainant was denied tenure.

**Request For Production Nos. 26 and 27:** The Court finds that the requests for documents, records, and items submitted by candidates and/or the Provost or other administrative personnel to the Faculty Review Advisory Committee and/or the UVI Board of Trustees with regard to the 2007 tenure candidates are overly broad and duplicative. Thus, no further response is necessary.

**Request For Production No. 30:** The Court finds that documents, records, and other evidence relating to the denial of tenure to any UVI

faculty is relevant. Said Defendants' objections are overruled. However, the Court will shorten the period to coincide with the time period that Defendant Jackson was Division Chair to the present. Said Defendants shall produce the requested information for such time period.

**Request For Production Nos. 31, 32, and 33:** Said Defendant has withdrawn its objection to these requests and claims to have produced all responsive documents.

**Request For Production No. 34:** Said Defendants' objection is overruled for the same reasons as stated in relation to Request For Production No. 7. Said Defendants shall provide any and all documents, records, and physical evidence relating to any action taken by UVI in response to the findings made by the Ad Hoc Committee established by Provost Musah to consider grievances filed by faculty members against Cynthia Jackson.

Based upon the foregoing, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Compel Defendants Al Hasan [sic] I. Musah and the University of the Virgin Islands to Supplement Discovery Response (Docket No. 48) is **GRANTED IN PART AND DENIED IN PART**.

2. Said Defendants shall supplement as directed hereinabove, specifically, Request For Production Nos. 7, 14-17, 19, 21, 30, and 34, and Nos. 1-3 and 31-33 insofar as they have not already done so, within ten (10) days from the date of entry of this order.

ENTER:

Dated: January 26, 2010

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE