# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

J. JEANNETTE LOVERN, Ph.D.

                    **Plaintiff,**

   v.

CYNTHIA JACKSON, AL HASSAN I. MUSAH, and THE UNIVERSITY OF THE VIRGIN ISLANDS,

                    **Defendants.**

1:08-cv-82

TO:   Andrew C. Simpson, Esq.
        Eszart A. Wynter, Sr., Esq.
        Marie E. Thomas-Griffith, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Strike (Docket No. 49). Defendants Al Hassan I. Musah and the University of the Virgin Islands filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff seeks to strike the Amended Answer and Affirmative Defenses to Plaintiff's Complaint (Docket No. 45) as filed by Defendants Al Hassan I. Musah and the University of the Virgin Islands for failure to comply with Fed. R. Civ. P. 15(a)(2). Defendants oppose the motion by claiming the rule is a mere formality and belatedly request the Court's leave to file.

Federal Rule of Civil Procedure 15(a) provides, in relevant part:

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Despite the fact that the rule instructs the court to "freely give leave when justice so requires," such instruction does not obviate the requirement first to obtain leave nor does it reduce the requirement to a mere formality. The record clearly demonstrates that said Defendants failed to comply with the requirements of Rule 15(a) prior to filing their purported amended answer. In addition, said Defendants also failed to comply with the Court's Local Rule 15.1 requiring that any and all proposed changes must be specifically delineated.

WHEREFORE, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Strike (Docket No. 49) is **GRANTED**.

2. Said Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint filed at Docket No. 45 is **STRICKEN**.

ENTER:

Dated: January 26, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE